Dear Lt. Dale:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. Therein, you raise the following issues for our review:
 1. Is the sheriff's department legally permitted to purge Internal Affairs Records;
 2. Is the sheriff's department legally obligated to purge Internal Affairs Records;
 3. When is the sheriff's department obligated or permitted to purge Internal Affairs Records;
 4. Are the answers to the first three questions different for the following different dispositions of Internal Affairs Investigations?
a. sustained
b. unsustained
c. exonerated
d. unfounded
e. undetermined
 5. Are the answers regarding the above four questions regarding records (tracking the number of complaints, types of complaints, dispositions, etc) the same as for Internal Affairs Investigative Reports?
The internal affairs files of law enforcement agencies are considered public records as defined in LSA-R.S. 44:1(A)(2). That statute defines "public records" as:
 All books, records, writings, accounts, letters, and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers. . . . . having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business. . . . . performed by or under the authority of the constitution or laws of this state. . . . . LSA-R.S. 44:1(A)(2).
Those documents which are defined as "public records" must be disclosed to the public upon appropriate request. However, this office has previously observed that the provisions of the Public Records Act are not absolute and sovereign over all other statutes. See attached Attorney General Opinion #90-377. Jurisprudence cited therein reflects that certain records may be excepted from disclosure by other statutes, notwithstanding that the records enjoy no such privilege from disclosure under the specific provisions of the Act.
In this regard, note the provisions of LSA-R.S. 40:2532, providing:
 No person, agency, or department shall release to the news media, press or any other public information agency, a law enforcement officer's home address, photograph, or any information that may be deemed otherwise confidential, without the express written consent of the law enforcement officer, with respect to an investigation of the law enforcement officer.
We have previously expressed in Attorney General Opinions #93-333 and #90-377, copies of which are attached that LSA-R.S.40:2533 allowing the expungement of internal affairs records supersedes the provisions of the Public Records Act, and we continue to adhere to this conclusion. Therefore, our responses to your questions are governed by the provisions of LSA-R.S.40:2531, et seq.
In response to your first four inquiries, note the applicability of LSA-R.S. 40:2533(C), providing:
 C. A law enforcement officer, upon written request, may have any record of a formal complaint made against him expunged from any file if:
 (1) The agency investigating the complaint has exonerated the officer of all charges in the complaint; or
 (2) The agency investigating the complaint has determined that the charges were unsustained or unfounded; or
(3) Seven years have passed since the findings by the agency.
An officer may request immediate expungement of the records of the formal complaint where he has been exonerated by the agency of all charges or the agency has determined that the charges are unfounded or unsustained as provided in LSA-R.S. 40:2533(C)(1) 
(2). In the event these exemptions are not applicable, these records must be maintained as public records for seven (7) years pursuant to LSA-R.S. 40:2533(C)(3), rather than the three (3) years fixed under LSA-R.S. 44:36 of the Public Records Act.
The law enforcement agency is permitted and obligated to purge these files under the circumstances mentioned above, upon appropriate written request from a law enforcement officer. The statute mandates the retention of these files for seven years if the agency finds the charges are sustained. A finding of "undetermined" is not a permissible ground involving an officer's immediate right to expungement; we therefore conclude that an agency finding of "undetermined" would require the agency to retain the files for seven years.
In response to your fifth inquiry, the internal affairs investigative reports comprise a portion of the file. There is no distinction in our response concerning the reports.
As an aside, please see attached Attorney General Opinion 93-333 which addresses constitutional privacy concerns of a law enforcement officer where a public records request is submitted to the department for disclosure of information contained within these files. Although your inquiry is limited to the issue of expungement, the department may be presented with such a request. The opinion sets forth jurisprudential and statutory guidelines which govern disclosure concerning such a request.
Finally, we suggest that a record memorializing the basis for the legal authority to invoke expungement under LSA-R.S.40:2533(C)(1) or (2) be preserved not within the personnel record of the officer, but as a separate record of the police department, to show compliance with LSA-R.S. 40:2533(C)(1) or (2). This letter "should state the general nature of the complaint, the date and nature of the alleged misconduct, and the finding of the agency either exonerating the officer or finding the complaint unsustained or unfounded." See Attorney General Opinion #90-377, page 3.
If we may be of further assistance in other matters, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
BY: KERRY L. KILPATRICK Assistant Attorney General KLK:ams 0064y Enclosures